IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. GINYARD, JR., | Civil Action |
| Plaintiff, | No. 2:20-cv-01947-MPK |
| v. | |
| LOUIS DEL-PRETE, *Medical Clinic Manager at the Allegheny County Jail;* LAURA K. WILLIAMS, *Chief Deputy Warden of Health Care at the Allegheny County Jail;* and ALLEGHENY HEALTH NETWORK, *Medical Care Provider at the Allegheny County Jail,* | |
| Defendants. | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

AND NOW COME Defendants, Louis Del-Prete and Laura K. Williams (County Defendants), by and through their counsel Dennis Biondo Jr., Assistant Allegheny County Solicitor and submit this Brief in Support of Motion to Dismiss.

### I.   Factual Allegations

The Plaintiff, Michael Ginyard has filed a complaint against defendants, Louis Del-Prete and Laura K. Williams (County Defendants) alleging that while he was incarcerated at the Allegheny County Jail, (ACJ) his civil rights were violated. (ECF 6, generally).

From June 2020 through the present date, Plaintiff has been an inmate at the Allegheny County Jail. (ECF 6, ¶¶7-17). Plaintiff claims that in June 2020, Plaintiff began experiencing pain in his feet. (ECF 6, ¶7). Plaintiff claims that on June 11, 2020, Plaintiff spoke to a doctor about his foot pain and possible related issues. (ECF 6, ¶9). Plaintiff

1

alleges that he submitted grievances to Defendant Del-Prete on August 30, 2020 and September 3, 2020. (ECF 6, ¶11). Plaintiff alleges that he submitted inmate request slips to Defendant Williams on September 6 and September 20, 2020 "to attempt to get the medical treatment he needed." (ECF 6, ¶13). Plaintiff alleges he had bloodwork done and submitted to a lab on October 13, 2020. (ECF 6, ¶14). Plaintiff alleges that he was told the lab work revealed he had prediabetes on November 10, 2020. (ECF 6, ¶14). Plaintiff alleges he was also informed that his foot pain was not a symptom of diabetes. (ECF 6, ¶14).

Plaintiff has filed a Complaint (ECF 6) alleging Section 1983 violation of Eighth Amendment and Fourteenth Amendment under the United States Constitution, directed at all defendants. (ECF 6, ¶22).

This brief is submitted in support of County Defendants motion to dismiss.

## II.     Legal Standard for Dismissal under Rule 12(b)(6)

When deciding a motion to dismiss a complaint for failure to state a claim, a court must accept as true all well-pled facts in the complaint but may disregard legal conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007). The court must accept all factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Id*. at 555.

However, the court need not accept all legal conclusions set forth as factual allegations. Id. In fact, mere conclusions or labels are insufficient to state a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).

A claim is plausible on its face if its facts allow the court to draw the reasonable inference, not just a possibility, that the defendant is liable for the alleged misconduct. *Ashcroft*, at 678-79. To be plausible, a pleader must do more than simply make a "bare averment that he wants relief and is entitled to it." *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008). "Labels, conclusions and a formulaic recitation of the elements of a cause of action" will not suffice. *Phillips*, 515 F.3d at 232. If the facts as alleged do not state a plausible claim, the motion to dismiss should be granted. *Iqbal*, at 679.

### III.   ARGUMENT

#### A. Deliberate Indifference

Plaintiff's claim fails to show such deliberate indifference to a serious medical need and the claim therefore fails.

Plaintiff's complaint alleges Cruel and Unusual Punishment due to lack of medical care. (ECF 6, ¶ 20). However, in Plaintiff's Statement of Facts, Plaintiff appears to make an allegation that he was unsatisfied with his response to grievances. (ECF 6, ¶ 10-12). It is well-established that inmates do not have a constitutionally protected right to a prison grievance system. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 469 (M.D. Pa. 2010).

With regard to Defendant Del-Prete, Plaintiff alleges that he was attempting to assist Plaintiff. (ECF 6, ¶ 11). Plaintiff alleges that Del-Prete responded to his grievance. (ECF 6, ¶ 11). Plaintiff's complaint even references the fact that Defendant Del-Prete found Plaintiff's Grievance to be valid. (ECF 6, ¶ 12). The actions of Defendant Del-Prete do not rise to the level of deliberate indifference.

Therefore, the § 1983 claims against Defendant Del-Prete should be dismissed.

Plaintiff may not have agreed with the care he was receiving but Plaintiff's claims do not rise to the level of cruel and unusual punishment. In the medical context, an

inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." *Estelle* at 105-06. Plaintiff alleges in his complaint that he is seen by someone from medical or receives information from someone in the medical department. (ECF 6, ¶ 7, 9, 11, 15).

The facts as plead, do not rise to the level of deliberate indifference on the part of either Defendant Williams or Defendant Del-Prete.

### B. Qualified Immunity

Qualified immunity is a shield for government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct. To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what the individual is doing violates that right. *Taylor v. Barkes*, 135 S. Ct. 2042, 2044, (2015). Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law. *Id.*

Plaintiff's complaint alleges that Defendant Del-Prete was attempting to intervene on behalf of Plaintiff. (ECF 6, ¶ 11). As to Defendant Williams, Plaintiff's complaint only references two (2) requests to staff member that were directed to Ms. Williams. (ECF 6, ¶ 13). As plead, the facts cannot be interpreted to show that County Defendants believed they were violating the Plaintiff's rights. Plaintiff makes no allegation that County Defendants did anything that would knowingly violate Plaintiff's constitutional rights.

### C. Supervisory Liability

A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).   Additionally, the factual averments contained within a complaint must demonstrate "more than a sheer possibility that . . . a defendant has acted unlawfully." *Iqbal* at 678. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. *Rode* at 1207.

Even if the Court were to find that County Defendants had knowledge of the Plaintiff's condition, Plaintiff still must show more.  Personal involvement may be proven not only by showing that the defendant had actual, direct involvement in the violation, but also through proof of personal direction or of actual knowledge and acquiescence in the violation. *Rode at* 1207 (3d Cir.1987). To prove personal involvement through acquiescence requires that a plaintiff demonstrate that the defendant had contemporaneous knowledge of the alleged wrongdoing, and actual supervisory authority over the alleged violator. *Robinson v. Pittsburgh*, 120 F.3d 1286, 1293–94 (3d Cir.1997). Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.  *Rode* at 1207.

There is no claim made by the Plaintiff that Defendant Williams had any personal involvement in any of the alleged unlawful actions. Plaintiff's only mention of Defendant Williams is the Plaintiff submitted inmate request slips to Ms. Williams in an attempt to get the care he needed. (ECF 6, ¶ 13). There is no allegation of any acquiescence and no such particularity that Plaintiff pleads relating to Defendant Williams.

In order for a supervisory official to be found legally responsible for a violation of plaintiff's constitutional rights, the official "must have played an affirmative role in the deprivation of the plaintiffs' rights...the officials' misconduct cannot be merely a failure

5

to act." *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986). This is exactly how Plaintiff is attempting to hold County Defendants liable. Plaintiff alleges that Defendant Williams is legally responsible for medical welfare of all inmates at the Allegheny County Jail. (ECF 6, ¶5). Plaintiff also alleges that Defendant Del-Prete is legally responsible for the operation of the medical clinic and for medical welfare of all inmates at the Allegheny County Jail. (ECF 6, ¶4). These legal conclusions are not sufficient to state a claim against County Defendants.

Therefore, all claims against County Defendants should be dismissed.

## IV.   Conclusion

For the foregoing reasons, Louis Del-Prete and Laura K. Williams move this court to dismiss Plaintiff's complaint as to them for failure to state a claim.

**WHEREFORE**, these Defendants request Plaintiff's Complaint be dismissed with prejudice as to Louis Del-Prete and Laura K. Williams.

Respectfully submitted,

/s/ Dennis Biondo Jr.
Dennis Biondo Jr.
Assistant County Solicitor
Pa. I.D. No. 307908

ALLEGHENY COUNTY LAW DEPT.
445 Fort Pitt Boulevard, Suite
Pittsburgh, Pennsylvania 15219
(412) 350-1053

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing BRIEF IN SUPPORT OF MOTION TO DISMISS was served by electronic filing on counsel and first-class postage prepaid U.S. mail upon the following upon the following:

**Michael Ginyard**
DOC 128748
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219
(Pro-Se)

**Shannon Voll Poliziani, Esquire**
GORDON REES SCULLY MANSUKHANI, LLP
707 Grant Street, Suite 3800
Pittsburgh, PA 15219
(Counsel for Allegheny Health Network)
BY ELECTRONIC FILING ONLY

*/s/ Dennis Biondo, Jr.*
Dennis Biondo, Jr.
Assistant County Solicitor

Dated: April 30, 2021