IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL GINYARD JR.

    Plaintiff,

v.

LOUIS DEL-PRETE, Medical Clinic Manager at the Allegheny County Jail, LAURA K. WILLIAMS, Chief deputy of Health Care at the Allegheny County Jail; and ALLEGHENY HEALTH NETWORK, Medical Care provider at the Allegheny County Jail,

    Defendants.

Civil Action No. 2:20-cv-01947

Magistrate Judge The Honorable, Maureen P. Kelly

Related ECF No. 23, 24

## BRIEF IN SUPPORT OF RESPONSE TO MOTION TO DISMISS

AND NOW comes Plaintiff Michael Ginyard Jr., pro-se, and files the within Brief in Support of Response to Motion to Dismiss avers as follows:

I.    FACTS AND PROCEDURAL BACKGROUND

Plaintiff Michael Ginyard Jr. is an inmate at the Allegheny County Jail ("ACJ"). On February 9, 2021 Plaintiff filed a Complaint against all defendants avering Eighth Amendment and Fourteenth Amendment claims pursuant to 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs. Plaintiff seeks a preliminary and permanent injunction ordering defendants to establish

1

and enforce a new sick call policy in which inmates with a serious medical need is seen by a doctor no later than 48hrs after submitting a sick call request. Plaintiff also seek punitive and compensatory damages.

Plaintiff avers in his Complaint the Defendants acted with deliberate indifference causing him to suffer months of severe pain before being treated for the nerve pain in his feet he was experiencing. Plaintiff further avers in his Complaint the extreme lengths he underwent just to be treated for his pain.

Plaintiff avers in his Complaint that the Defendants established and or enforced a policy or custom that put his health care at a substantial risk and caused him to suffer for months from severe nerve pain. Plaintiff further avers in his Compliant Defendants had personal knowledge of his serious medical needs.

## II. ISSUES TO BE ADDRESSED

A. Deliberate Indifference

B. Qualified Immunity

C. Supervisory Liability

## III. Legal Standard for Dismissal under Rule 12(b)(6)

In assessing the merits of a claim subject to a motion to dismiss, the court must accep all alleged facts as true and draw

all inferences gleaned therefrom in the light most favorable to the Plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224 (3d Cir. 2008). A pleading party need not establish the elements of a prima facie case at this stage; the party must only "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary elements." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009)(quoting *Graff v. Subbiah Cardiology Assocs.*, 2008 U.S. Dist. LEXIS 44192, 2008 WL 2312671 (W.D.Pa. June 4, 2008)).

However where plaintiffs are acting pro-se, as the Plaintiff in this action, their pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed. 2d 652 (1972); *United States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn a should be read "with a measure of tolerance").

Plaintiff in his Complaints lays out that 1. Defendant Louis Del-Prete is legally responsible for the medical clinic operations at the ACJ, 2. Defendant Laura K. Williams is legally responsible for the medical welfare of all inmates at the ACJ, 3. Plaintiff's medical needs were serious, 4. Plaintiff went through extreme lengths to recieve treatment, which took months, 5. Defendants established a custom or policy that created a substantial risk to his health care, 6. Defendants had personal knowledge of Plaintiff's serious medical need and, 7. Defendants were deliberately indifferent

3

to those needs. Plaintiff has alleged enough facts to support a claim for which relief can be granted.

## IV. ARGUMENT

### A. Deliberate Indifference

The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed. 2d 251 (1976)(citing Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed. 2d 859 (1976)).

A prisoner "claiming that the conditions of his confinement violate the Eighth Amendment must show a culpable state of mind on the part of prison officials", and thus "a prisoner advancing such a claim must at a minimum, allege 'deliberate indifference' to his 'serious medical needs.'" Wilson v. Seiter, 501 U.S. 294, 294-97, 111 S.Ct. 2321, 115 L.Ed. 2d 271 (1991)(citing Estelle, 429 U.S. at 106). Therefore, a Complaint must include some factual allegations of the two element requisite to establish a claim of deliberate indifference i.e. (1) a serious medical need and (2) a culpable mental state establishing deliberate indifference.

However a delay or denial of medical treatment claim must be approached differently than an adequacy of care claim. Fayette Cty., 599 F.2d at 575 n.2. Unlike the deliberate indifference prong of an adequacy of care claim (which involves both an objective and

4

subjective inquiry), the deliberate indifference prong of a delay or denial of medical treatment claim involves only one subjective inquiry- since there is no presumption that the defendants acted properly, it lacks the objective, propriety of medical treatment, prong of an adequacy of care claim.

All that is needed is for the surrounding circumstances to be sufficient to permit a reasonable jury to find that the delay or denial was motivated by non-medical factors. See e.g. Durmer, 991 F.2d at 68-69; United States v. Michener, 152 F.2d 880, 885 (3d Cir. 1945).(It is for the jury to determine the weight of to be given to each piece of evidence... particularly where the question at issue is the credibility of the witness).

As Plaintiff has layed out in his Complaint, his medical treatment was delayed for over four months. It was unnecessary for Plaintiff to lay out each element of his claim. As discovery will show, when Plaintiff recieved the valid response to his appeal grievance by Defendant Del-Prete, it states that the delay was due to " a mix-up of how messages were being submitted and recieved". This was no fault of Plaintiff's, he clearly related to medical staff his needs. Yet in still Plaintiff has also showed personal knowledge of Defendants to his medical needs.

B. Qualified Immunity.

Qualified immunity means that an official must have fair notice of the law before being subject to suit for damages for

violating it. Hope v. Pelzer, 536 U.S. 730, 739-40, 122 S.Ct. 2508 (2002). Qualified immunity protects officials from damage liability in Federal civil rights cases unless they "violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 817-18, 102 S.Ct. 2727 (1982). Under this objective standard, it is not a defense that officials did not actually know what the law required. Chandler v. Baird, 926 F.2d 1057, 1060 (11th Cir. 1991).

However because qualified immunity results in "immunity from suit rather than a mere defense to liability" determining qualified immunity should be determined at the earliest possible stage in the litigation. But as the Third Circuit has cautioned "It is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." Newland v. Reehorst, 328 Fed. Appx 788, 791 n.3 (3d Cir. 2009)(per curiam).

Thus at the pleadings stage, qualified immunity will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint." Thomas v. Independence Twp, 463 F.3d 285, 291 (3d Cir. 2006)(quoting Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001)). Plaintiff in his complaint sufficiently alleges the Defendants established and or enforced a policy or custom that put his healthcare at a substantial risk. Defendants in their motion to Dismiss fail to deny this claim.

6

### C. SUPERVISORY LIABILITY

Where supervisory is sought to be imposed "there are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or as the persons in charge, had knowledge of and acquiesced in their subordinates violations." Parkell v. Danberg, 833 F.3d 313, 330 (3d Cir. 2016). quoting Santiago v. Warminster Twp., 629 F.3d 121, 129 n.5 (3d Cir. 2010)(quotation and alteration marks omitted).

In his Complaint Plaintiff sufficiently alleges that the Defendants established and/or enforced a policy or custom that put his health care at a substantial risk, which the Defendants do not deny in their Motion to Dismiss. In his Complaint Plaintiff identifies this policy or custom with appropriate particularity. Rode v. Dellarciprete, 845 F.2d 1195 1207-08 (3d Cir. 1988).

At this preliminary stage of the litigation, and given Plaintiff's pro-se status, Plaintiff alleges enough facts to state a claim to relief that is plausible on it's face." Twombly, 550 U.S. at 570. Accordingly, Defendants Motion to Dismiss should be denied.

### V. CONCLUSION

For the foregoing reasons, Plaintiff Michael Ginyard Jr., moves this Court to deny Defendants Motion to Dismiss.

7

WHEREFORE, for the foregoing reasons, Plaintiff Michael Ginyard Jr., respectfully request that this Honorable Court deny Defendants Louis Del-Prete and Laura K. Williams Motion to Dismiss with prejudice.

Dated May 8, 2021.

Respectfully Submitted
By: *Michael Ginyard Jr* (pro-se)
Michael Ginyard Jr
128748
Allegheny County Jail
950 2nd Ave
Pittsburgh, PA 15219

8