IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GINYARD, JR, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 20-1947 |
| ) | District Judge W. Scott Hardy |
| v. ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| LOUIS DEL-PRETE, *Medical Manager at the* ) | Re: ECF Nos. 23 and 23 |
| *Allegheny County Jail*; Laura K. Williams, ) | |
| *Chief Deputy Warden of Health Care at the* ) | |
| *Allegheny County Jail*; Allegheny Health ) | |
| Network, *Medical Care Provider at the* ) | |
| *Allegheny County Jail,* ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

Presently before the Court are (1) a Motion to Dismiss filed on behalf of Defendants Louis Del-Prete, Allegheny County Jail Medical Clinic Manager, and Laura K. Williams, Allegheny County Jail Chief Deputy Warden of Heath Care (collectively, the "ACJ Defendants"), ECF No. 23; and (2) a Motion to Dismiss filed on behalf of Defendant Allegheny Health Network ("AHN"), ECF No. 25. For the following reasons, it is respectfully recommended that the motion filed on behalf of the ACJ Defendants be denied in all respects and that the Motion to Dismiss filed on behalf of AHN be granted.

**II.     REPORT**

    **A.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Michael Ginyard, Jr. ("Plaintiff") is an inmate in the custody of the Allegheny County Jail ("ACJ"). Plaintiff initiated this civil action against medical care personnel at ACJ, alleging that they violated his federal constitutional rights under the Eighth and Fourteenth

1

Amendments by failing to determine the cause of and treat his persistent foot pain for at least five months despite ongoing requests for medical care. ECF No. 6. Plaintiff relates the cause of his pain to pre-diabetes and describes a delay of five months to obtain blood tests to determine whether he suffered acute diabetes.

Plaintiff also alleges that the ACJ Defendants and AHN have policies and procedures in place that placed him at a substantial risk of harm. In particular, as a result of the COVID-19 pandemic, health care staff were to be deployed to housing units to provide non-emergency care, yet Plaintiff describes his pre-diabetic condition as a medical emergency that went untreated and led to ongoing pain. Thus, Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief requiring all Defendants to establish and enforce a sick call policy requiring inmates with serious medical needs to be seen no later than 48 hours after submitting a sick call request.

AHN and the ACJ Defendants have filed Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and assert that Plaintiff has failed to allege facts that state a claim for deliberate indifference to a serious medical need by any named Defendant.

    B.    **STANDARD OF REVIEW**

        1.  **Motion to Dismiss**

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." "[D]etailed pleading is not generally required." Connelly v. Lane Const. Corp., 809 F.3d 780, 786 (3d Cir. 2016). Rather, the rules require "'only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotations omitted).

Thus, to survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face" by providing facts which "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).

In assessing the sufficiency of a complaint, the court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Retirement Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678; see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels and conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice. The complaint therefore "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim."). Id. at 233, 234.

### 2. *Pro Se* Pleadings and Filings

*Pro se* pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail,

it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax, and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (A "petition prepared by a prisoner ... may be inartfully drawn and should … be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997) (*overruled on other grounds*); see also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

Yet there are limits to the court's procedural flexibility — "pro se litigants still must allege sufficient facts in their complaints to support a claim .... they cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted). Thus, because Plaintiff is a *pro se* litigant, this Court will consider the facts and make inferences where it is appropriate.

**C.    DISCUSSION**

To begin, the court must "identify the specific constitutional right at issue." Manuel v. City of Joliet, Ill., 137 S. Ct. 911, 920 (2017) (internal citation and quotation marks omitted). In this case, Plaintiff's Section 1983 claim is premised on the alleged denial of adequate medical care during his detention at the ACJ. He asserts the violation of both the Eighth and Fourteenth Amendment arising from Defendants' deliberate indifference to his serious medical needs. ECF No. 6 at 2.

The record is not clear regarding whether Plaintiff was a pretrial detainee at the time of the alleged civil rights violation or a convicted prisoner serving a sentence related to a parol violation.

Id. at 1. In the case of pretrial detainees, "the relevant inquiry is whether the alleged denial was 'imposed for the purpose of punishment or whether it [was] but an incident of some other legitimate governmental purpose.'" Mattern v. City of Sea Isle, 657 F. App'x 134, 138 (3d Cir. 2016) (quoting Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005)). "Thus, sentenced prisoners are protected from punishment that is 'cruel and unusual,' while pretrial detainees are protected from any punishment." Paulino v. Burlington Cty. Jail, 438 F. App'x 106, 109 (3d Cir. 2011) (citing Hubbard, 399 F.3d at 166–67).

Here, the distinction makes little difference because "[w]hile the Eighth Amendment itself 'has no application' until there has been a 'formal adjudication of guilt,'" Mattern, 657 F. App'x at 138 n.5 (quoting City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983)), constitutional medical care claims brought by pretrial detainees are analyzed "under the standard used to evaluate similar claims brought under the Eighth Amendment." Id. n.5 (quoting Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003)).

The Eighth Amendment's prohibition against cruel and unusual punishment requires prison authorities to provide medical care to inmates who must rely on them for treatment. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). Because the denial of medical care may result in pain and suffering that does not serve any penological interest, the law has long recognized that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Id. at 104-05.

That said, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id. Thus, to establish an Eighth Amendment violation, a plaintiff must establish: (1) a serious medical need; and (2) that the defendants were deliberately indifferent to that need. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). See also Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). A serious medical need may also be found to exist where the denial or delay of treatment causes "unnecessary and wanton infliction of pain." Id.

To establish deliberate indifference, a "plaintiff must make an 'objective' showing that the deprivation was 'sufficiently serious,' or that the result of defendant's denial was sufficiently serious. Additionally, the plaintiff must make a 'subjective' showing that defendant acted with a 'sufficiently culpable state of mind.'" Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002), citing Wilson v. Seiter, 501 U.S. 294, 298 (1991). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Wilson v. Burks, 423 F. App'x. 169, 173 (3d Cir. 2011), quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994).

1. **Serious Medical Need and Deliberate Indifference**

AHN asserts that Plaintiff has failed to allege a serious medical need because in some instances, district courts have held that allegations of temporary pain from injuries or ongoing pain cannot state an Eighth Amendment claim and, here, "Plaintiff alleges only that failure to have seen him in the medical clinic on an earlier date resulted in 'ongoing' pain." ECF No. 26 at 3-5. In

addition, AHN contends that the allegations in the Complaint do not state a claim for deliberate indifference because he was seen by a doctor and, after several months, was scheduled for requested lab work. Thus, AHN asserts that Plaintiff alleges a disagreement with the course of medical treatment and testing, which does not constitute Eighth Amendment violation. ECF No. 26 at 3-6. The ACJ Defendants seek dismissal of the Complaint because Defendant Del-Prete responded to Plaintiff's grievances and, at some point, Plaintiff received medical care "from someone in the medical department." ECF No. 24 at 3-4.

Turning first to the sufficiency of Plaintiff's allegations of a serious medical condition, the Complaint alleges that Plaintiff suffered persistent severe untreated foot pain over six months that disrupted his sleep and made it difficult to stand for long periods of time. ECF No. 6 ¶¶ 7, 17, 6-3, 6-4. At this early stage of the litigation, and when viewed in the light most favorable to Plaintiff, these allegations sufficiently allege a "serious medical condition." See Monmouth Cty. 834 F.2d at 347 ("The seriousness of an inmate's medical need may also be determined by reference to the effect of denying the particular treatment. For instance, Estelle makes clear that if 'unnecessary and wanton infliction of pain,' 429 U.S. at 103, 97 S.Ct. at 290, results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment.").

As to deliberate indifference, Plaintiff alleges that each ACJ Defendant had specific notice of his ongoing pain and risk of diabetic neuropathy or, as to AHN, had notice of inadequate health care at ACJ, and yet failed to provide treatment. ECF No. 6 ¶¶ 4, 5, 16. Generally, "[a]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official … will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Spruill v. Gillis, 372 F.3d at 236.

Here, Plaintiff alleges that he spoke with Defendant Del-Prete after approximately two months of pain "to discuss his grievance and medical issues." ECF No. 6 ¶ 11. Del-Prete instructed Plaintiff to submit another sick call request with his name written on the slip and he would be seen, but then failed to obtain an appointment for Plaintiff. Id. ¶ 12. Plaintiff also alleges he sent a request slip to Defendant Williams, ACJ's Chief Deputy Warden of Health Care, requesting medical treatment for severe pain and explaining that he had submitted several sick call requests but had not received testing to determine the cause. Despite his request for assistance, Plaintiff alleges Williams failed to respond. Id. ¶ 13, ECF No. 6-3. At this early stage of the litigation, Plaintiff has sufficiently alleged that both ACJ Defendants were personally aware of the lack of care and deliberately indifferent to his pain.[1] See, Carter v. Smith, 2009 WL 3088428, at *5 (E.D. Pa. Sept. 22, 2009) (denying motion to dismiss where inmate-plaintiff alleged that prison officials had actual knowledge of inadequacy of care); and see, Story v. Wetzel, No. 15-1241, 2017 WL 2264280 (W.D. Pa. May 24, 2017)(allegations of long term pain and failure to treat are enough to state a plausible claim for deliberate indifference where it is alleged that medical personnel were aware of complaints and declined to treat).

2. *Monell* Claim

While Plaintiff alleges a serious medical condition, his claims against AHN that turn on respondeat superior or vicarious liability for the alleged misconduct of its employees are insufficient to state a Section 1983 claim. Natale, 318 F.3d at 583. That said, a private corporation performing a government function is liable under Section 1983 if it had a custom or policy that caused the plaintiff's constitutional injury—in this context, a custom or policy exhibiting

---

[1] AHN asserts that Plaintiff's medical records will establish that he was seen and treated by a medical care provider at ACJ for foot pain on three different occasions beginning June 22, 2020. ECF No. 26 at 5 n.1. AHN's factual assertions are not properly before the Court at the Motion to Dismiss stage, as recognized by AHN in its brief in support of the Motion to Dismiss. Id.

deliberate indifference to a prisoner's serious medical needs. Natale, 318 F.3d at 584 (applying requirements of Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978) to a private company providing medical services to inmates). See also Weigher v. Prison Health Servs., 402 F. App'x 668, 669-70 (3d Cir. 2010) (noting that a private corporation providing medical service at a state correctional facility cannot be held liable under a theory of respondeat superior in a § 1983 suit). Thus, to prevail on his § 1983 claims against AHN, Plaintiff must establish that "there was a relevant [AHN] policy or custom, and that the policy caused the constitutional violation" for which he seeks relief. Natale, 318 F.3d at 583-84. Because Plaintiff fails to do so, it is recommended that the Court grant the Motion to Dismiss filed by AHN.

"Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292, 89 L.Ed.2d 452 (1986)), *superseded in part by statute*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1072, § 102. A course of conduct not expressly authorized by law becomes a "custom" when the challenged "practices of state officials [are] so permanent and well settled" as to virtually constitute law. Monell, 436 U.S. at 690. To establish AHN's liability under § 1983, "it is incumbent upon a plaintiff to show that a policymaker is responsible either for the policy or, through acquiescence, for the custom." Andrews, 895 F.2d at 1480 (citing Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989)). The "policymaker" is the person who "has final, unreviewable discretion to make a decision or take an action," and who is or is not a policymaker is determined by reference to state law. Andrews, 895 F.2d at 1481; Perez v. Larson, 2020 WL 5507227, at *2 (M.D. Pa. Sept. 11, 2020).

Here, Plaintiff states that AHN "enforced a policy or custom that put the plaintiff's health care at substantial risk." ECF No. 6 ¶ 21. Plaintiff points to the provisions of a Consent Order entered by this Court to address alleged unconstitutional conditions of confinement related to protecting ACJ inmates from the risk of contracting COVID-1. Graham v. Allegheny Cty., No. 2:20-CV-00496, 2020 WL 2772398, at *14 (W.D. Pa. May 27, 2020). The Consent Order provides, *inter alia*, that "[i]n order to reduce movement and communal settings for inmates from varying housing settings, the clinic will be closed except for necessary populations (e.g. pregnant females and radiology). Healthcare staff will be deployed to housing units to perform non-emergency healthcare requests, provider visits, or assist in other locations of the facility that have critical staffing needs."  Plaintiff contends that AHN's participation in the Consent Order led to the failure of AHN to provide a diagnosis for his pain and the necessary medical treatment.  ECF No. 6 ¶ 22; ECF No. 29 at 6-8. Plaintiff also finds fault in AHN's failure to make inmates aware of this COVID-19 mitigation policy related to the location of treatment. ECF No. 6 ¶ 22. Finally, Plaintiff alleges that AHN was aware of the "substantial and unreasonable risk to detainee and inmate safety [stemming] from identified court orders, studies, [and] lawsuits filed in district against defendants and court settlements." Id. ¶ 16.

In making these broad allegations, Plaintiff does not allege facts establishing that AHN was responsible for the challenged policy, or facts plausibly stating a causal connection, temporal or otherwise, between the delivery of health care services on ACJ housing units to the alleged failure to treat his persistent pain. On the contrary, Plaintiff states that medical providers or administrators were on his unit throughout the relevant period but failed to ensure that he would be examined to have his complaints of pain addressed. Any alleged negligence or deliberate indifference in failing examine, treat, or test Plaintiff thus has no apparent connection to a policy

specifying the location of treatment on his housing unit. Plaintiff also fails to allege facts regarding any "orders, studies, or lawsuits" concerning AHN's delivery of healthcare services at ACJ. Under these circumstances, Plaintiff fails to allege facts establishing that AHN knew or should have known that its staff were engaged in an unlawful practice or were aware that a policy dictating the location of treatment caused the denial of care. Thus, Plaintiff has not stated a constitutional violation by AHN.[2]

### 3. Qualified Immunity

The ACJ Defendants assert that they are entitled to qualified immunity because Plaintiff fails to allege facts that "County Defendants did anything that would knowingly violate Plaintiff's constitutional rights." ECF No. 24 at 4.

The court must engage in a two-part inquiry to determine if qualified immunity applies to official actions: (1) "whether the facts that a plaintiff has alleged ... make out a violation of a constitutional right"; and (2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." Pearson v. Callahan, 555 U.S. 223, 232 (2001) (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)).

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, 'the contours of a right are sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). It is intended to shield officers who make "reasonable but mistaken judgments about open legal questions" and

---

[2] Given the Court's recommended disposition of Plaintiff's claims against AHN, the Court need not address the alternative requests for relief in the form of a Motion to Strike Plaintiff's claims for punitive damages and the dollar figure set forth in his plea for compensatory damages. ECF No. 25 at 10. The Court also need not resolve AHN's motion to dismiss Plaintiff's claims for declaratory and injunctive relief, and it is recommended that each of these motions be denied as moot.

safeguards "all but the plainly incompetent or those who knowingly violate the law." Ashcroft, 563 U.S. at 743. The ultimate question is whether the state of the law when the offense occurred gave Defendants "fair warning" that their acts were unconstitutional. Hope v. Pelzer, 536 U.S. 730, 741 (2002).

As explained *infra*, Plaintiff has plausibly alleged an Eighth or a Fourteenth Amendment claim for the denial of medical care against the ACJ Defendants and therefore established the first prong of the qualified immunity inquiry. Turning to the second prong, the question to be resolved is whether under the facts alleged, a reasonable person would have understood that a consistent refusal to provide medical care violated Plaintiff's constitutional rights because it would subject him to undue suffering and would not serve any penological purpose.

At the time Plaintiff's claims arose, the law was clear that "if 'unnecessary and wanton infliction of pain,' ... results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." Atkinson v. Taylor, 316 F.3d 257, 266 (3d Cir. 2003) (quoting Lanzaro, 834 F.2d at 347). "This is so because the Eighth Amendment 'prohibits the imposition of 'unnecessary and wanton infliction of pain contrary to contemporary standards of decency.'" Jamar Gaston v. Nurse Lory, Nurse Kevin & Nurse Lavern, No. 20-897, 2021 WL 2517150, at *5–6 (W.D. Pa. May 7, 2021) (quoting Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) and Helling v. McKinney, 509 U.S. 25, 32 (1993)). "And '[n]eedless suffering resulting from a denial of simple medical care, which does not serve any penological purpose, is inconsistent with' those standards." Gaston, at *5-6 (quoting Atkinson, 316 F.3d at 266).

Because a reasonable person would have understood that the refusal to provide Plaintiff with medical care for his persistent and severe foot pain would amount to a constitutional violation, the ACJ Defendants are not entitled to qualified immunity.

### 4. Leave to Amend

The United States Court of Appeals for the Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). This instruction is equally applicable to *pro se* litigants and those represented by counsel. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, it is recommended that the Court permit Plaintiff to amend his complaint, if he so desires, to restate a Monell claim as to AHN. Plaintiff is reminded that an amended complaint "must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Williams v. Ferdarko, 2018 WL 3653272, at *1 n. 1 (W.D. Pa. Aug. 1, 2018) (quoting Young v. Keobane, 809 F. Supp. 1185, 1189 (M.D. Pa. 1992)). Plaintiff should be cautioned that failure to file an amended complaint within thirty days will result in a final order dismissing his claims against AHN with prejudice.

### D.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss filed on behalf of the ACJ Defendants be denied in all respects and that the Motion to Dismiss filed on behalf of AHN be granted. It is also recommended that AHN's alternative Motion to Strike and Motion to Dismiss claims for injunctive relief be denied as moot, but that Plaintiff be granted leave to amend his complaint to correct the deficiencies, if possible, as to his Monell claim against AHN.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties may file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may respond to the objections within 14 days thereafter in accordance with Local Civil Rule 72.D.2.

          Respectfully submitted,

          ***/s/ Maureen P. Kelly***
          MAUREEN P. KELLY
          UNITED STATES MAGISTRATE JUDGE

Dated: July 9, 2021

cc:    The Honorable W. Scott Hardy
       United States District Judge

       Michael Ginyard, Jr.
       128748 Pod 4C
       Allegheny County Jail
       950 Second Avenue
       Pittsburgh, PA 15219

       All counsel of record by Notice of Electronic Filing