IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GINYARD, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-1947 |
| ) | |
| LOUIS DEL-PRETE, *Medical Clinic* ) | |
| *Manager at the Allegheny County Jail;* and ) | District Judge W. Scott Hardy |
| LAURA K. WILLIAMS, *Chief Deputy* ) | Magistrate Judge Maureen P. Kelly |
| *Warden of Health Care at the Allegheny* ) | |
| *County Jail,* ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM ORDER**

Presently before the Court is *pro se* Plaintiff Michael Ginyard Jr.'s Appeal and supplement thereto (Docket Nos. 55, 57) of Magistrate Judge Maureen P. Kelly's Memorandum Order dated December 6, 2021 denying without prejudice Plaintiff's "Reconsideration Motion for Appointment of Counsel." (Docket No. 52). After careful consideration of Plaintiff's Appeal, this Court agrees with Judge Kelly's determination that consideration of the factors set forth in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993) reveals that the grounds asserted by Plaintiff do not raise factors to merit the appointment of counsel at this time for reasons expressed in the Memorandum Order and incorporated herein.

On appeal to this Court, Plaintiff primarily contends that Judge Kelly did not adequately assess certain *Tabron* factors in denying his request for appointment of counsel. (Docket No. 57, ¶ 3). Plaintiff is incorrect. As Judge Kelly explained in the Memorandum Order, "[t]he Court denied his initial Motion to Appoint Counsel after careful consideration of the factors to be weighed in determining whether the appointment of counsel was warranted." (Docket No. 52 at 1

1

citing Docket No. 11). Judge Kelly initially considered all of the *Tabron* factors, (*see* Docket No. 11 at 2-3), and in denying Plaintiff's Reconsideration Motion for Appointment of Counsel, she analyzed the salient *Tabron* factors and correctly found that the appointment of counsel is not warranted at this time.[1]

Contrary to Defendant's contention that Judge Kelly did not adequately assess certain *Tabron* factors, the Third Circuit Court of Appeals has "always emphasized that the *Tabron* factors are only a guidepost for district courts in their exercise of the broad statutory discretion granted to them by Congress. They are not exhaustive, **nor are they each always essential**." *Houser v. Folino*, 927 F.3d 693, 700 (3d Cir. 2019) (emphasis added). To that end, the Third Circuit has instructed that "[d]istrict courts should consider the *Tabron* guideposts that may be relevant to any particular request for counsel, including successive requests, at the time and stage of litigation that the request is made." *Id.* Judge Kelly did just that in analyzing and ruling upon Plaintiff's Reconsideration Motion for Appointment of Counsel.

In sum, for the reason set forth by Judge Kelly in the Memorandum Order, the Court properly declined to exercise its discretion at this time to request counsel to represent Plaintiff in prosecuting this action. Accordingly, this Court enters the following Order:

---

[1] As explained in the Memorandum Order, initially, it does not appear that Plaintiff's claims are meritorious such that the exercise of the Court's discretion to appoint counsel is appropriate at this time. (Docket No. 52 at 2). Additionally, Plaintiff continues to demonstrate an ability to present his own case at this stage of the litigation, he has appropriately responded to Court orders, factual investigation is limited to discrete issues, and expert testimony is not required to adjudicate those issues. (*Id.*). As for Plaintiff's claim that discovery is impeded because the prison law library does not possess a copy of this Court's Local Rules, he may rely upon the Federal Rules of Civil Procedure, which contain all applicable rules governing permissible discovery. (*Id.*). However, if Plaintiff's access to the prison law library impedes his ability to respond to any motion, he may file a motion for extension of time for the Court's consideration. (*Id.*).

3

AND NOW, this 24th day of February, 2022, IT IS HEREBY ORDERED that the Memorandum Order dated December 6, 2021 denying without prejudice Plaintiff's Reconsideration Motion for Appointment of Counsel (Docket No. 52) is AFFIRMED.

<u>s/ W. Scott Hardy</u>
W. Scott Hardy
United States District Judge

cc/ecf:   All counsel of record

          Michael Ginyard, Jr. (via U.S. Mail)
          38718068
          Northeast Ohio Correctional Center
          2240 Hubbard Rd.
          Youngstown, OH 44505