IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GINYARD, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-1947 |
| ) | |
| LOUIS DEL-PRETE, *Medical Clinic* ) | |
| *Manager at the Allegheny County Jail; and* ) | District Judge W. Scott Hardy |
| LAURA K. WILLIAMS, *Chief Deputy* ) | Magistrate Judge Maureen P. Kelly |
| *Warden of Health Care at the Allegheny* ) | |
| *County Jail*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This matter comes before the Court on Plaintiff's Objections (Docket No. 67) to the Report and Recommendation ("R&R") entered by Magistrate Judge Maureen P. Kelly on September 21, 2022 (Docket No. 66). The R&R recommends that the Motion for Summary Judgment (Docket No. 59) filed by Defendants Louis Del-Prete, Allegheny County Jail Medical Clinic Manager, and Laura K. Williams, Allegheny County Jail Chief Deputy Warden of Heath Care, (the "ACJ Defendants") be granted. (Docket No. 66 at 1, 15). Service of the R&R was made on the ACJ Defendants through the Court's CM/ECF system, and they were advised that any objections to same were due by October 5, 2022. (Docket No. 66). Service of the R&R was made on Plaintiff by mail, and he was informed that any objections for unregistered CM/ECF users were due by October 11, 2022. (*Id.*). On September 29, 2022, Plaintiff filed his Objections to the R&R. (Docket No. 67).

Plaintiff objects to Judge Kelly's recommendation that summary judgment be granted in favor of the ACJ Defendants on Plaintiff's Eighth and Fourteenth Amendment claims related to

1

the health care he received while in custody at ACJ.[1]  Specifically, Plaintiff first argues that the evidence supports a finding that the ACJ Defendants were deliberately indifferent to his serious medical needs, despite the R&R's recommendation to the contrary.  (Docket No. 67 at 3-4).  Plaintiff further argues that the evidence demonstrates that the ACJ Defendants were engaged in and/or maintained a policy that was directly linked to Plaintiff's delay in medical treatment, and thus that the ACJ Defendants are also liable as supervisors.  (*Id.* at 4-6).

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to.  *See* Fed. R. Civ. P. 72(b)(2), (b)(3); 28 U.S.C. § 636(b)(1).  The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions.  *See id.*  Upon careful *de novo* review of the R&R and the entire record, including Defendants' Motion for Summary Judgment and supporting briefs, and Plaintiff's responses thereto, (Docket Nos. 59, 60, 61, 63, 64, 66, 67), the Court concludes that, despite Plaintiff's arguments to the contrary, the evidence of record does not support his claims, and Plaintiff's Objections do not undermine the R&R's recommended disposition.

In so ruling, the Court agrees with Judge Kelly's conclusion that Plaintiff has not alleged or provided evidence of actions giving rise to an inference that Defendant Del-Prete knew of and intentionally disregarded a continued failure by ACJ's medical providers to assess and provide necessary medical care, and thus that a reasonable jury could not find the requisite subjective

---

[1]  The R&R notes that Plaintiff's rights here arise under the Fourteenth Amendment, rather than the Eighth Amendment, but that such "distinction makes little difference because constitutional medical care claims brought by pretrial detainees are analyzed 'under the standard used to evaluate similar claims brought under the Eighth Amendment.'"  (Docket No. 66 at 9 (quoting *Mattern v. City of Sea Isle*, 657 F. App'x 134, 138 n.5 (3d Cir. 2016) (internal citation and quotation marks omitted)).

awareness to support Plaintiff's claims of deliberate indifference against Del-Prete. (Docket No. 66 at 11-12). Similarly, the Court also agrees with the conclusion that a reasonable jury could not find that Defendant Williams intentionally refused to provide needed treatment, delayed necessary treatment for a non-medical reason, prevented Plaintiff from receiving required medical treatment, or persisted in a particular course of treatment in the face of resultant pain and risk of permanent injury. (*Id.* at 12).

Additionally, the Court agrees with the conclusion that Plaintiff's claims for prospective relief are moot, and that Plaintiff's medical records belie the existence of any claimed deficiency arising from an ACJ policy or a causal connection to an unreasonable risk of constitutional harm. (Docket No. 66 at 13-14). Finally, the Court agrees with Judge Kelly that Plaintiff failed to present evidence of the subjective awareness of harm on the part of the ACJ Defendants in their supervisory capacities, which is required to support a claim of deliberate indifference, and that judgment should be entered in favor of the ACJ Defendants as to Plaintiff's claims for supervisory liability. (*Id.* at 15).

As such, the Court will adopt the R&R as the Opinion of the Court, and will grant the ACJ Defendants' Motion for Summary Judgment as more specifically set forth below.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 9th day of November, 2022,

IT IS HEREBY ORDERED that Plaintiff's Objections to the R&R (Docket No. 67) are OVERRULED, and the R&R (Docket No. 66) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that, for the reasons set forth in the R&R, the Motion for Summary Judgment filed by the ACJ Defendants (Docket No. 59) is GRANTED. Accordingly,

summary judgment is granted in favor of Defendants Louis Del-Prete and Laura K. Williams on all claims asserted against them in Plaintiff's Complaint.

    IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED.

                                         *s/ W. Scott Hardy*
                                         W. Scott Hardy
                                         United States District Judge

cc/ecf:        All counsel of record
                Michael Ginyard, Jr. (via U.S. Mail)